**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Francisco Alejandro Lira-Mercado,<br><br>Defendant. | No. CR-20-02652-001-TUC-JGZ (MSA)<br><br>**ORDER** |

Pending before the Court is Defendant Francisco Alejandro Lira-Mercado's motion to withdraw his guilty plea. (Doc. 34.) For the following reasons, the motion will be granted.

**I.      Background**

Defendant is charged with illegal reentry of a removed alien in violation of 8 U.S.C. § 1326. (Doc. 8.) At the request of defense counsel, a change-of-plea hearing was set for June 17, 2021. (Docs. 25, 26.) The hearing was uneventful; Defendant answered the Court's questions, stated that he understood the rights he was giving up, and agreed to the factual basis for his plea. (Doc. 41.) As relevant here, Defendant confirmed to the Court that he had authorized defense counsel to sign the plea agreement. (*Id.* at 5.)

Defendant's motion to withdraw his guilty plea was filed on July 28. (Doc. 34.) Defendant states that he did not want to plead guilty and thus did not sign the plea agreement himself. He also states that he was confused when he appeared at the change-of-plea hearing, and that he felt compelled to enter a guilty plea. In response to the motion,

the Government requested a hearing so that it could be made clear to Defendant that, should he withdraw from the plea agreement, he is unlikely to receive the same plea offer. (Doc. 42.)

During the hearing, Defendant stated that he did not want to plead guilty, that he did not sign the plea agreement or authorize defense counsel to sign it, that he has psychological issues which cause him to hear voices (he asserted he was hearing voices during the hearing), and that he has had problems with his short-term memory since recovering from COVID-19 last year. In response to the Court's questions, defense counsel was unable to recall whether Defendant had expressly authorized him to sign the plea agreement.

## II. Legal Standard

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This standard is applied "liberally." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* A defendant may not withdraw his guilty plea merely because he changes his mind about proceeding to trial, particularly where the plea colloquy fully complies with Rule 11. *United States v. Rios-Ortiz*, 830 F.2d 1067, 1070 (9th Cir. 1987).

## III. Discussion

The Court finds that Defendant has provided a fair and just reason for withdrawing his guilty plea. There is doubt whether Defendant authorized defense counsel to sign the plea agreement—and thus whether Defendant pleaded guilty voluntarily. *See United States v. Garcia*, 401 F.3d 1008, 1012 (9th Cir. 2005) (stating that an involuntary plea is invalid, and that "a plea's invalidity qualifies as a 'fair and just reason' for permitting withdrawal"). Defendant stated during the change-of-plea hearing that he provided defense counsel with

authorization to sign the plea agreement, but he now claims he did not. Ordinarily, statements made during a change-of-plea hearing are entitled to a "strong presumption of veracity." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008). Here, however, the presumption has been overcome because defense counsel was unable to recall whether he in fact received authorization. It should be noted here that Defendant does not need to prove conclusively that his plea was involuntary; it is enough under the fair-and-just-reason standard to show serious questions on the matter. *See United States v. Bonilla*, 637 F.3d 980, 986 (9th Cir. 2011) (stating that the rule for withdrawing a guilty plea should be applied "generously and liberally"). He has done so.

Additionally, Defendant has raised a question about his mental state at the change-of-plea hearing. During the motion hearing, Defendant stated that he has untreated conditions which cause him to hear voices, and that he was currently hearing voices. Defendant also stated that he has had short-term memory problems since recovering from COVID-19 last year. As a result of these issues, Defendant explained, he was confused about the change-of-plea proceedings and felt compelled to plead guilty. These representations provide an additional reason for allowing him to withdraw.

There is one additional matter. Defendant's new attorney filed a motion to stay this ruling, asserting that she needs time to consult with Defendant and explore possible issues with his competency. However, Defendant has already provided the information necessary to rule on his motion: He firmly claims that he did not authorize his former counsel to sign the plea agreement, and his former counsel could not recall whether he received authorization. This constitutes a fair and just reason for allowing Defendant to withdraw his guilty plea, regardless of what Defendant's current attorney may learn about his competency. Consequently, there is no need to issue a stay.

. . . .

. . . .

. . . .

. . . .

1   **IT IS ORDERED** that Defendant Francisco Alejandro Lira-Mercado's motion to
2   withdraw his guilty plea (Doc. 34) is **granted**.
3   **IT IS FURTHER ORDERED** that this matter is **reset** for trial on **July 7, 2021**, at
4   **9:30 a.m.**, before the Honorable Jennifer G. Zipps. Counsel shall promptly file a motion to
5   continue, specifying a new, proposed trial date.
6   **IT IS FURTHER ORDERED** that Defendant's motion to stay (Doc. 48) is **denied**
7   **as moot**.
8   Dated this 31st day of August, 2021.

*Honorable Maria S. Aguilera*
*United States Magistrate Judge*